IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

JAMES EARL LINDSEY,

                    Plaintiff,

          v.                          CASE NO.  06-3321-SAC

WARDEN FRED LAWRENCE,
et al.,

                    Defendants.

<u>MEMORANDUM AND ORDER</u>

This civil complaint was filed by an inmate currently confined at the Federal Correctional Institution at Talladega, Florida. Plaintiff names as defendants Fred Lawrence, Warden of the Leavenworth Detention Center operated by the Correctional Corporation of America at Leavenworth, Kansas (CCA); CCA Correctional Officer V. Bryant; and a physician at CCA, Scott E. Bowlin,.

As the background for his complaint, Mr. Lindsey alleges that on April 4, 2004, while he was confined at the CCA, he was assaulted by several inmates during a dispute over a microwave among Hispanic and black inmates.  He alleges the Hispanic inmates attacked with deadly weapons he refers to as "locks in socks."  He further alleges he slipped down some stairs while attempting to run for safety, and was kicked repeatedly by several inmates.  He states he received a laceration through his ear, abrasions to his right knee, and a fractured bone in his right hand.

Plaintiff complains he was denied prompt medical treatment in that his fracture was not treated for over 4 weeks, which resulted in a deformity.  He states an outside orthopedist advised the bone would have to be broken and reconstructive surgery performed and damage would result to nerves and muscle.  He claims he had to decline the surgery and live with the deformity.

Mr. Lindsey further complains that Officer Bryant, who was the pod officer during the assault, ran out of the pod.  He claims Officer Bryant was aware that plaintiff faced a "substantial risk" of great bodily harm and possibly death from being beaten with the deadly weapons.  He alleges defendant Bryant gave no verbal command to cease and exerted no authority to stop the confrontation, thus failing in his duty to protect plaintiff.  Plaintiff also alleges disputes over the microwave involving locks in socks were common at the CCC, and the Warden could have prevented these violent altercations by either removing or adding microwaves and removing locks from each unit.

Plaintiff's exhibit shows a disciplinary report was written against him by Shift Supervison Johnston for "fighting" and "hindering" as a result of this incident.  After a hearing, the charges were dismissed, and plaintiff was found not guilty.

Mr. Lindsey asserts defendants violated his rights under the 8th Amendment by failing to exercise reasonable care to prevent foreseeable harm to him, and by deliberate indifference to his medical needs.  He also alleges his due process rights were violated by defendants actions or inactions in this matter.  Plaintiff seeks

money damages.

**SCREENING**

Because Mr. Lindsey is a prisoner, the court is required by statute to screen his complaint and to dismiss the complaint or any portion thereof that is frivolous, fails to state a claim on which relief may be granted, or seeks relief from a defendant immune from such relief.  28 U.S.C. 1915A(a) and (b).  Having screened all materials filed, the court finds the complaint is subject to being dismissed for the following reasons.

**EXHAUSTION OF ADMINISTRATIVE REMEDIES**

Plaintiff generally alleges he has exhausted his administrative remedies.  However, the facts he alleges in support do not amount to sufficient pleading of exhaustion in the complaint.  42 U.S.C. 1997e(a) directs: "No action shall be brought with respect to prison conditions under (any federal law) by a prisoner confined in any (correctional facility) until such administrative remedies as are available are exhausted."  See Booth v. Churner, 531 U.S. 956 (2001)(section 1997e(a) requires prisoners to exhaust administrative remedies irrespective of the relief sought and offered through administrative channels).  The United States Supreme Court has held that this exhaustion requirement is mandatory and may not be disregarded by the court.  Porter v. Nussle, 534 U.S. 516, 520 (2002).  Exhaustion under Section 1997e(a) is a pleading requirement

imposed upon the prisoner plaintiff.  Steele v. Federal Bureau of Prisons, 355 F.3d 1204, 1210 (10th Cir. 2003), cert. denied, 543 U.S. 925 (2004).  It follows that a complaint that fails to adequately plead exhaustion amounts to one that fails to state a claim upon which relief can be granted.  Id.  The pleading requirement of 1997e(a) mandates that a prisoner either "attach a copy of the applicable administrative dispositions to the complaint, or . . . describe with specificity the administrative proceeding and its outcome."  Id.  The Tenth Circuit has also determined that "total" exhaustion is required.  Ross v. County of Bernalillo, 365 F.3d 1181, 1188,-89 (10th Cir. 2004).   Under the total exhaustion prerequisite, plaintiff must have presented each and every claim raised in his complaint by way of the available prison or detention facility administrative grievance procedures, or the complaint is subject to being dismissed without prejudice.   In addition, he should have referred to the named defendants and described their allegedly wrongful actions in those grievances.

Plaintiff shall be given time to adequately plead exhaustion by either providing copies of the administrative grievances filed by him and the responses he received to those grievances, or by describing in detail the administrative process he followed and the grievances he filed together with the responses.  If plaintiff fails to adequately show exhaustion, the complaint is subject to being dismissed, without prejudice.


**FTCA ADMINISTRATIVE CLAIM**

4

Plaintiff alleges he filed an FTCA claim with the Bureau of Prisons (BOP). He exhibits a response from the BOP stating no BOP employees were involved, and the claim was referred to the CCA. Plaintiff states he has received no response from the CCA.

Plaintiff does not allege facts showing this court has jurisdiction over this action under the FTCA, as he does not allege that any defendant is an employee of a federal agency. In fact, plaintiff has alleged no valid jurisdictional basis for this lawsuit to be brought in federal court. Employees of the CCA are neither federal or state employees. Since they are not state employees, no claim is stated under 42 U.S.C. 1983. Actions against employees of a private corporation are normally brought in state court. Plaintiff will be given time to allege a jurisdictional basis for bringing this action in federal court. If plaintiff fails to respond to this order in the time provided, it may be dismissed without further notice.

**STATUTE OF LIMITATIONS**

Perhaps most significantly, it appears the statute of limitations has expired for bringing a civil lawsuit based upon the alleged incident. A person has two years from the time an action accrues to file suit. Since plaintiff alleges the incident occurred on April 4, 2004, it appears the complaint has not been timely filed. Plaintiff will be given time to show cause why this action should not be dismissed because the statute of limitations has run.

**IT IS THEREFORE ORDERED** that plaintiff is granted thirty (30) days in which to show cause why this action should not be dismissed for failure to adequately plead exhaustion of administrative remedies, for failure to allege a valid basis for jurisdiction in federal court, and because the statute of limitations has expired.

**IT IS SO ORDERED**.

Dated this 22nd day of December, 2006, at Topeka, Kansas.

<u>s/Sam A. Crow</u>
U. S. Senior District Judge

6