IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

JAMES EARL LINDSEY,

                Plaintiff,

        v.                            CASE NO.  06-3321-SAC

WARDEN FRED LAWRENCE,
et al.,

                Defendants.

### O R D E R

This civil complaint was filed by an inmate currently confined at the Federal Correctional Institution at Talladega, Florida. Plaintiff named as defendants Fred Lawrence, Warden of the Leavenworth Detention Center operated by the Correctional Corporation of America at Leavenworth, Kansas (CCA); CCA Correctional Officer V. Bryant; and a physician at the CCA, Scott E. Bowlin.

On December 22, 2006, upon screening the complaint, this court entered a Memorandum and Order requiring plaintiff to show cause why this action should not be dismissed for failure to adequately plead exhaustion of administrative remedies, failure to allege a valid basis for jurisdiction in federal court, and because the statute of limitations has expired. Plaintiff has filed a Response (Doc. 4) to the Memorandum and Order, and a "Motion to Clarify Status of Second Complaint" (Doc. 5). Having considered all materials filed by plaintiff the court finds as follows.

**EXHAUSTION OF ADMINISTRATIVE REMEDIES**

The court advised plaintiff in its prior Memorandum and Order that this action was subject to being dismissed under the "total exhaustion" rule of Ross v. County of Bernalillo, 365 F.3d 1181 (10th Cir. 2004). However, that case and rule have since been abrogated by the United States Supreme Court in Jones v. Bock, 2007 WL 135890 (Jan. 22, 2007). Accordingly, the determination of this action is not based upon plaintiff's failure to plead or show exhaustion of administrative remedies.

**LACK OF JURISDICTION**

In the prior memorandum, the court set forth the alleged background for Mr. Lindsey's complaint. In brief, Mr. Lindsey alleged that on April 4, 2004, while he was confined at the CCA, he was assaulted by several inmates with weapons and injured in a dispute over a microwave. He described his injuries as including a laceration through his ear, abrasions to his right knee, and a fractured bone in his right hand. He complained that defendant CO Bryant fled the scene of the assault; and that defendants Bryant and Warden Lawrence failed in their duties to protect him from harm. He further complained that defendant physician Bowlin delayed sending him to an orthopedist for treatment of his fracture for over 4 weeks. He alleged the delay resulted in a deformity, and the outside orthopedist advised him the bone would have to be broken and reconstructive surgery performed with resulting damage

to nerves and muscle. He also alleged he had to decline the surgery and live with the deformity. Based on these allegations, Mr. Lindsey asserted defendants violated his rights under the Eighth Amendment by failing to exercise reasonable care to prevent foreseeable harm to him, and by deliberate indifference to his serious medical needs. He also alleged his due process rights were violated by defendants' actions or inactions in this matter[1]. Plaintiff seeks money damages.

Plaintiff was generally informed in the court's prior Memorandum and Order that he had alleged no valid jurisdictional basis for bringing this lawsuit in federal court. He was specifically informed that he had not alleged facts showing this court has jurisdiction over this action under the FTCA, since defendant CCA employees are not employees of a federal agency. Plaintiff's exhibits indicate he was also informed of this lack of federal agency action when he attempted to submit an administrative claim to the Bureau of Prisons (BOP) under the FTCA.

Mr. Lindsey was also specifically informed by this court that since the defendant CCA employees were not state employees, he stated no claim under 42 U.S.C. 1983. He was given time to allege a jurisdictional basis for bringing this action in federal court.

Plaintiff responded on the jurisdictional question by alleging he made "an erroneous guess as to the FTCA as opposed to the KTCA." However, plaintiff now also asserts that there is

---

[1] Plaintiff alleges no factual or legal basis for his conclusory claim of denial of due process.

federal question jurisdiction under 28 U.S.C. 1331 because he has alleged constitutional violations. Cf. Correctional Services Corporation v. Malesko, 534 U.S. 61 (2001); see Peoples v. CCA Detention Centers, 4249 F.3d 1097 (10th Cir. 2006)(district courts had subject matter jurisdiction to consider Bivens claims against CCA staff members), cert. denied, 127 S.Ct. 664, 687 (Nov. 27, 2006). However, even if a cause of action may be inferred in this case under 28 U.S.C. 1331 against individual employees of the CCA, Mr. Lindsey's Response does nothing to cure the deficiency pointed out as the "most significant in the court's prior Memorandum and Order, that the statute of limitations appears to have run on his claims.

**STATUTE OF LIMITATIONS**

In its prior Memorandum and Order the court required that plaintiff show cause why this action should not be dismissed because it appeared the two-year statute of limitations had expired for bringing a civil lawsuit based upon the alleged incidents[2]. In his Response, plaintiff argues he "did not sleep on his rights," and that because he attempted to exhaust prison administrative remedies and "initiated his administrative request" under the FTCA within two years of the incident, the limitations period must be equitably tolled.

---

2    See K.S.A. 60-513(a)(4)(providing a two-year limitations period for bringing an action "for injury to the rights of another.") and subsection (7)("arising out of the rendering of or failure to render professional services by a health care provider.").

Plaintiff's claim accrued when he knew of the existence and cause of his injury. See United States v. Kubrick, 444 U.S. 111, 120 (1979). "[A] Bivens action, like an action brought pursuant to 42 U.S.C. 1983, is subject to the statute of limitations of the general personal injury statute in the state where the action arose." Industrial Constructors Corp. v. Bureau of Reclamation, 15 F.3d 963, 968 (10th Cir. 1994), *citing* Wilson v. Garcia, 471 U.S. 261 (1985). Because plaintiff's cause of action arose in Kansas, the court applies Kansas' two-year statute of limitations period for bringing an action for "an injury to the rights of another." Kan. Stat. Ann. 60-513(a)(4); see also Johnson v. Johnson County Com'n Bd., 925 F.2d 1299, 1301 (10th Cir. 1991)(applying 60-513(a)(4) in a 1983 action).

In the instant case, plaintiff's claims accrued in April, 2004. Plaintiff did not execute his complaint against defendants until October 26, 2006, well outside the applicable two-year statute of limitations period. Thus, plaintiff's action is time-barred unless he can demonstrate a basis for tolling the statute. See Aldrich v. McCulloch Properties, 627 F.2d 1036, 1041 FN 4 (10th Cir. 1980) (when clear from dates in complaint that right to sue has extinguished, plaintiff has burden of demonstrating a basis for tolling the statute).

The burden of proof is on the plaintiff to present circumstances allowing for tolling of the statute of limitations. See Gideon v. Gates, 5 Kan.App.2d 23, 611 P.2d 166, 168 (1980). Plaintiff has been informed that this action is not properly

5

brought under the FTCA since there was no federal agency action. Thus, his filing of an improper claim under the FTCA had no tolling effect on this action. The court finds no authority providing the statute of limitations for bringing a claim under Section 1331 is tolled while an inmate attempts to exhaust administrative remedies at the CCA or within the BOP. Moreover, plaintiff does not allege facts, such as wrongful conduct by defendants that prevented him from asserting his claims in a timely manner or a denial of access to the courts, that would warrant equitable tolling. The court concludes plaintiff has not shown cause why this action should not be dismissed as time-barred under the applicable statute of limitations.

**MOTION TO CLARIFY**

Plaintiff's Motion to Clarify Status of Second Complaint (Doc. 5) provides that a second complaint was submitted with the complaint in this action and inquires about the status of that action. The "second complaint" named only physician Scott E. Bowlin as defendant and seeks money damages for his alleged failure to properly diagnose and treat Methicillin-Resistant Staphylococcus Aureus (MRSA) and Hepatitis C, which plaintiff claims he contracted while confined at CCA. As a result of this motion, the court has discovered that Mr. Lindsey did submit this "second complaint" to the Clerk's Office with the complaint filed in Case No. 06-3321. It appears he sent only one motion for leave to proceed without prepayment of fees, and did not indicate he was filing two separate

actions. The two copies of the second complaint were mistaken as additional copies of the complaint in this action, and placed in an out folder with the three other copies of the complaint herein sent by plaintiff. The court has directed the clerk to file the separate complaint naming only Dr. Bowdin as defendant and based upon plaintiff's claims regarding MRSA and Hepatitis C, with a notation on the docket that the complaint was received for filing on November 20, 2006. A copy of plaintiff's motion for leave to proceed in forma pauperis filed in this case was filed in the other action.

**IT IS THEREFORE ORDERED** that plaintiff's Motion for Leave to Proceed Without Prepayment of Fees (Doc. 2) is granted, and plaintiff's Motion to Clarify (Doc. 5) is granted.

**IT IS FURTHER ORDERED** that this action is dismissed as time-barred and all relief is denied.

**IT IS SO ORDERED.**

Dated this 14th day of March, 2007, at Topeka, Kansas.

s/Sam A. Crow
U. S. Senior District Judge