IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS


JAMES EARL LINDSEY,

     **Plaintiff,**

   **v.**       **CASE NO.  06-3321-SAC**

WARDEN FRED LAWRENCE,
et al.,

     **Defendants.**

## O R D E R

   This civil action was dismissed as time-barred in an Order entered March 14, 2007.  The matter is before the court upon plaintiff's Motion to Reconsider (Doc. 8).  Mr. Lindsey asks the court to alter or amend its judgment of dismissal pursuant to Rule 59(e).

   The Federal Rules of Civil Procedure do not provide for a "motion to reconsider."  United States v. Emmons, 107 F.3d 762, 764 (10th Cir. 1997).  Instead, the court must construe such a filing as either a Rule 59(e) motion or a Rule 60(b) motion, depending on the timing of the filing of the motion.  Id.  A motion to reconsider filed within ten days of entry of judgment is considered a Rule 59(e) motion[1].  Servants of Paraclete v. Does, 204 F.3d 1005, 1012 (10th Cir. 2000).  Plaintiff's motion was received by the

---

[1]
  A motion to reconsider filed more than ten days after the entry of judgment is construed as a motion for relief under Rule 60(b).  Weitz v. Lovelace Health System Inc., 214 F.3d 1175, 1178 (10th Cir. 2000).

court 15 days after entry of judgment.  However, it was executed on
March 22, 2007, which was within the ten-day filing period.  See
Dunn v. White, 880 F.2d 1188, 1190 (10th Cir. 1989)[applying the
prison mail-box rule, as set out in Houston v. Lack, 487 U.S. 266
(1988)].  Accordingly, plaintiff's motion is considered under Rule
59(e).

Grounds for a Rule 59(e) motion include (1) an intervening
change in the controlling law, (2) new evidence previously
unavailable, and (3) the need to correct clear error or prevent
manifest injustice."  Servants of Paraclete, 204 F.3d at 1012,
citing Brumark Corp. v. Samson Resources Corp., 57 F.3d 941, 948
(10th Cir. 1995).  Thus, a motion for reconsideration is
appropriate where the court has misapprehended the facts, a party's
position, or the controlling law.  Id.  It is not appropriate to
rehash arguments previously addressed or to present new legal
theories or facts that could have been raised before judgment was
rendered.  Servants of Paraclete, 204 F.3d at 1012; Brown v.
Presbyterian Healthcare Services, 101 F.3d 1324, 1332 (10th Cir.
1996), cert. denied, 520 U.S. 1181 (1997); Van Skiver v. United
States, 952 F.2d 1241, 1243 (10th Cir. 1991).

Mr. Lindsey asks the court to reconsider its finding that
he did not present adequate facts to satisfy his burden of showing
entitlement to equitable tolling of the statute of limitations.
Before dismissing this action, the court issued an order providing
plaintiff with an opportunity to show cause why this action should
not be dismissed as time-barred.  In his response to that order,

plaintiff asserted he had exercised due diligence in that he attempted to exhaust administrative remedies within the Bureau of Prisons (BOP), and submitted an administrative tort claim under the FTCA during the two-year limitations period.  He also alleged that defendant Lawrence's failure to answer his request for forms to exhaust administrative remedies at the CCA in Leavenworth and the failure of the CCA to respond to his FTCA tort claim forwarded by the BOP, interfered with his ability to exhaust.  He further argued he did not know he had a cause of action until he had done a thorough review of the law and defendants' wrongful acts, and obtained his medical records in July, 2005.

Plaintiff makes basically the same arguments in support of this motion.  He argues that within the two-year statutory period he (1) unsuccessfully attempted to exhaust administrative remedies through BOP channels[2]; (2) notified the warden of the CCA that he was "asserting a cause of action" and requested forms for exhausting his administrative remedies; and (3) submitted an

---

[2]
The court's show cause order also required plaintiff to show exhaustion of administrative remedies, (even though a subsequent change in Supreme Court law made the matter irrelevant during screening).  In response to that portion of the court's order, plaintiff exhibited a rejection notice from the Administrative Remedy Coordinator at Bennettsville FCI dated December 20, 2005. The notice indicated his grievance was received on December 20, 2005, and was rejected as "untimely" because administrative requests must be received within 20 days of the complained-of event.  The notice also provided: "This can best addressed by the private agency were (sic) you incarcerated at the time."

administrative tort claim under the FTCA[3].  He additionally alleges

his requests for procedures or forms on exhaustion were

intentionally ignored by defendant Warden Fred Lawrence, and this

"thwarted his litigation efforts[4]."  These statements are not new

evidence unavailable prior to judgment.  Nor do they indicate a

change in the law, error by the court or manifest injustice.

Plaintiff's additional factual allegations in his motion, even

taken as true, do not establish grounds for relief from judgment.

Kansas law governs the tolling of the statute of

limitations in this case, and generally provides for tolling under

unique circumstances.  Plaintiff cited no theories consonant with

Kansas law or specific statutory tolling provisions, which entitle

him to tolling.  The Kansas Supreme Court has applied the unique

---

[3]
    Plaintiff notes that a tort claim under the FTCA was not the
proper procedure, but argued that Mr. Lawrence breached his "legal
duty" by not notifying the BOP and plaintiff of deficiencies in his
tort claim and "the need to file another claim through the proper
channels."  At the same time, plaintiff acknowledges that a lack of
response to an FTCA claim, like a BOP grievance, may be treated as
a denial after passage of a specific amount of time.  As a
claimant, plaintiff was entitled to have his claim granted or
denied.  However, a court or agency in which he decided to
improperly proceed has no legal duty to advise him on how to
proceed and in what other forum.

[4]
    He also reasserts that the statute of limitations "should have
commenced on 1-5-06."  The factual basis for this statement was not
apparent in his Response.  In his post-judgment motion he adds,
"when plaintiff began his attempts."  Apparently he is arguing his
claim did not accrue until the date he first wrote Warden Lawrence
at the Leavenworth CCA asking for forms to exhaust his
administrative remedies.  There is no authority or reasonable basis
for this position.

circumstances doctrine where an untimely filing was the result of third-party error.  See Gray v. Phillips Petroleum Co., 998 F.Supp. 1221 (D.Kan. 1998) *citing* Appeal of Sumner County, 261 Kan. 307, 317, 930 P.2d 1385 (Kan. 1997)(untimely filed petition for reconsideration excused where Board of Tax Appeals made erroneous statement with respect to filing period); Slayden v. Sixta, 250 Kan. 23, 30-31, 825 P.2d 119 (Kan. 1992)(applying unique circumstances doctrine where 40-day delay in serving summons was caused by error of clerk of the district court); Schroeder v. Urban, 242 Kan. 710, 713-14, 750 P.2d 405(Kan. 1988)(untimely filing of appeal excused where the district Court purported to extend the appeal period).  Plaintiff has not alleged third-party error.  Plaintiff has also not alleged any wrongful concealment of his cause of action.  Cf. Baker, 991 F.2d 628, 633 (10th Cir. 1993); City of Wichita, Kan. v. U.S. Gypsum Co., 72 F.3d 1491, 1499 (10th Cir. 1996)(The party alleging concealment must show his ignorance was not the result of his lack of diligence, but was due to affirmative acts or active deception to conceal facts giving rise to the claim.).  Mr. Lindsey's description of his very untimely, unsuccessful pursuit of prison administrative remedies does not amount to either of these recognized grounds for tolling under Kansas law.

Moreover, even if plaintiff was prevented from fully

exhausting prison administrative remedies[5], he does not explain how his filing of a civil action in court was actually foreclosed by that circumstance.   In this court he could have filed an action with a request that exhaustion be excused, or he could have responded that defendants impeded exhaustion, if the affirmative defense of failure to exhaust had been raised.

Furthermore, plaintiff has not alleged facts indicating that he diligently pursued his claims throughout the limitations period.   He does not provide any reason why he failed to file a timely grievance while he was still at the CCA in Leavenworth.  His exhibit indicating he did not file his initial grievance on the matter until December 20, 2005, evinces a lack of diligence.  Mr. Lindsey has not described significant, diligent acts by him or any tolling events during the more than 18 months prior to his initial grievance.   Nor does his attempt, a month before the statute of limitations expired, to file an administrative tort claim under the FTCA, which did not even provide a cause of action against defendants, evince due diligence from the time his claim accrued in April, 2004.

Plaintiff also claims in his motion that he did not obtain his medical records, which he needed to support his claim and to show injury, from the CCA until July, 2005, and argues his claim should be considered as having accrued on that date.  He reiterates

---

[5]
    His statements that defendant Martin and the CCA intentionally ignored his correspondence for the purpose of impeding his lawsuit remain completely conclusory.

his argument that his claim did not accrue until he "sought professional information" concerning the healing of fractured bones and related medical procedures, because it was not until then that he became aware of facts indicating defendants' acts were sufficiently harmful and deliberately indifferent. The statute of limitations for filing a civil court action is not tolled while a litigant or his attorney gathers evidence of his claims. See Baker v. Board of Regents of State of Kan., 991 F.2d 628 (10th Cir. 1993)(It is not necessary that the litigant know all evidence ultimately relied on for a cause of action to accrue.).

As the court noted in its order dismissing this action, plaintiff's claim accrued when he knew of the existence and cause of his injury. See United States v. Kubrick, 444 U.S. 111, 120 (1979). Plaintiff has not alleged facts indicating he was unaware of the alleged assault and the resulting injuries when they occurred at the CCA in April, 2004. He has not suggested an alternative date when he believes he became fully aware of his claim. Plaintiff's implication that he was "blamelessly ignorant" of his claims until many months after they occurred is simply not supported by adequate facts and is not credible. See Johnson v. Johnson County Com'n Bd., 925 F.2d 1299, 1301 (10th Cir. 1991); Ledoux v. Davies, 961 F.2d 1536, 1537 (10th Cir. 1992).

The court concludes plaintiff has not alleged any valid grounds for this court to alter or amend the judgment of dismissal.

**IT IS THEREFORE ORDERED** that plaintiff's Motion under Rule 59(e) is denied.

**IT IS SO ORDERED.**

Dated this 21st day of May, 2007, at Topeka, Kansas.


s/Sam A. Crow
U. S. Senior District Judge